# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-12182-FWS-MBK | Date | November 24, 2026 |
| Title | Eugene Leon Price v. Lt. Misiran, et al. | | |

| | |
|---|---|
| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |

| | |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA

Plaintiff Eugene Leon Price, a self-represented litigant incarcerated in state prison, filed this civil rights action ("*Price I*") on March 14, 2025, in the Eastern District of California. Dkt. 1. He concurrently filed a request to proceed *in forma pauperis* ("IFP"), (Dkt. 2), and then his certified trust fund statement on March 19, 2025. Dkt. 5. On October 16, 2026, the case was transferred to the Central District of California. Dkt. 9.

Since Plaintiff filed this action, Plaintiff has filed three other substantively similar civil rights actions: *Price v. Los Angeles County, et al.*, No. 2:25-cv-04516-FWS-MBK (C.D. Cal. May 8, 2025) ("*Price II*"); *Price v. Sgt. E. Martinez, et al.*, No. 2:25-cv-08209-FWS-MBK (N.D. Cal. July 8, 2025) ("*Price III*"); and *Price v. E. Martinez, et al.*, No. 2:25-cv-08122-FWS-MBK (C.D. Cal. Aug. 14, 2025) ("*Price IV*"). The Defendants named in each case are all various California Department of Corrections and Rehabilitation ("CDCR") officials employed at the California State Prison, Los Angeles County, in Lancaster, California ("CSP Lancaster").

Where a plaintiff seeks permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Upon review, it appears that Plaintiff's claims against the CDCR officials at CSP Lancaster are barred by the dismissal with prejudice in *Price IV*. The Court therefore **ORDERS** Plaintiff to show cause (meaning, explain in writing) why his claims in the instant case should not also be dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-12182-FWS-MBK | Date | November 24, 2026 |
| Title | Eugene Leon Price v. Lt. Misiran, et al. | | |

## I. Factual and Procedural Background

In *Price I* (the instant case), Plaintiff alleges (1) Defendants retaliated against him for filing grievance forms by finding him guilty of a rules violation ("RVR") without due process, (*Price I*, Dkt. 1 at 3); (2) Defendants discriminated against him for being Muslim, (*id.*); (3) Defendants are using and enabling other inmates to use an "Ultra Sound Weapon" that causes Plaintiff physical harm and makes his eyes go blurry, (*id.*); and (4) Defendants are verbally harassing him. *Id.* at 6.

In *Price II*, in his first amended complaint, Plaintiff alleged that CDCR officials verbally harassed and degraded him and enabled other inmates to do the same. *Price II*, Dkt. 5 at 2. This Court screened the complaint and found it failed to state a claim. *Price II*, Dkt. 13. However, this Court granted leave to amend, and Plaintiff's second amended complaint was due by September 8, 2025. *Id.* at 5. Plaintiff did not file a second amended complaint and the action was dismissed without prejudice on January 23, 2026.

In *Price III*, Plaintiff alleged prison staff and other inmates were torturing him with a "low-frequency sound" device that caused "extreme pain" on "any part of my outside body as well as well inside." *Price III*, Dkt. 1 at 2-3. Prison staff were also verbally harassing him. *Id.* The District Court dismissed the case without prejudice on February 25, 2026, for failure to pay the initial filing fee and/or failure to prosecute. *Price III*, Dkt. 22.

In *Price IV*, Plaintiff alleged (1) Defendants had denied him food, (*Price IV*, Dkt. 1 at 11); (2) Defendants had denied him medical treatment, (*id.* at 12); (3) Defendants had sexually assaulted him with a "modified" "low-frequency" sound device on his genitals, (*id.* at 13); (4) Defendants were verbally harassing him, (*id.* at 21); (5) Defendants were discriminating against him on the basis of race and religion, (*id.* at 8); and Defendants were retaliating against him for filing grievances. *Id.* at 21. This Court screened the complaint and found it did not comply with the pleading standards of Federal Rule of Civil Procedure 8 and it failed to state claims upon which relief could be granted. *Price IV*, Dkt. 9. However, this Court granted leave to amend, which was due by April 24, 2026. *Id.* at 9. Plaintiff did not file an amended complaint. On August 17, 2026, this Court issued a report recommending the District Court dismiss the action with prejudice for the reasons stated in the screening order and because "Plaintiff has not filed an amended complaint or provided any indication that he could state viable claims for relief." *Price IV*, Dkt. 16 at 12-13. The District Court accepted the report and dismissed the action with prejudice on September 10, 2026. *Price IV*, Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-12182-FWS-MBK | Date | November 24, 2026 |
| Title | Eugene Leon Price v. Lt. Misiran, et al. | | |

## II. Plaintiff's Claims are Barred by Res Judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 93 (1980). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)); *see also Smith v. Updegraff*, 744 F.2d 1354, 1362 (8th Cir. 1984) ("The doctrines [of res judicata and collateral estoppel] are borne of the recognition that endless litigation leads to chaos; that certainty in legal relations must be maintained; and that after a party has had his day in court, justice, expediency and preservation of the public tranquility requires that the matter be at an end.") (cleaned up). The doctrine includes both claim preclusion and issue preclusion. *See Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1005 n.5 (9th Cir. 2002) (citation omitted). Claim preclusion is applicable "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Gila River Indian Comm. V. Schoubroek*, 145 F.4th 1058, 1078 (9th Cir. 2025) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

Here, it appears the Court's final judgment in *Price IV* has preclusive effect on his claims in the present lawsuit. All three elements of claim preclusion appear to be met: (1) the claims are substantively identical, namely allegations of harassment, retaliation, discrimination, and physical and sexual abuse from a 'low-frequency ultrasound weapon' of some design; (2) *Price IV* concluded with a final judgment on the merits, namely a dismissal with prejudice; and (3) the parties are identical or in privity with each other, namely Mr. Price as plaintiff and CDCR officials and CSP Lancaster as defendants. It appears that *Price IV* contains the same operative facts, claims, and parties as the instant case, and *Price IV* was dismissed with prejudice. Given this overlap, it appears that Plaintiff's claims in *Price I* are precluded by *Price IV* on res judicata grounds.

## III. Conclusion

For the foregoing reasons, it appears that Plaintiff's claims may be subject to dismissal on res judicata grounds. Plaintiff is therefore **ORDERED** to show cause (meaning explain in writing) why his claims should not be dismissed. Plaintiff's response to the Order to Show Cause will be due on or before **December 29, 2026.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-12182-FWS-MBK | Date | November 24, 2026 |
| Title | Eugene Leon Price v. Lt. Misiran, et al. | | |

***

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court**.

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. At the top of the first page of any document sent to the Court, Plaintiff must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address:*** **A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**